UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| In re:<br>Joseph Anthony Gent,<br>Melody Jean Gent,<br><br>                Debtors. | Case No. 20-40054-BDL13<br><br>CHAPTER 13 PLAN<br><br>_X_ Original   ___ Amended |
|---|---|

**I.    Disclosure of Nonstandard Provisions and Plan's Modification of Secured Debt**:
    A.  Does this plan contain any nonstandard provisions (check one)?
    _X_ Yes
    ___ No
    B.  Does this plan limit the amount of a secured claim based on a valuation of the collateral for the claim (check one)?
    ___ Yes
    _X_ No
    C.  Does this plan avoid a security interest or lien (check one)?
    ___ Yes
    _X_ No

If the Debtor has either not indicated "yes" in the applicable section above or made no selection, any nonstandard provision or language in this plan purporting to limit the amount of a secured claim based on a valuation of the collateral or to avoid a security interest or lien is void. Even if the Debtor indicated "no" in Section 1.B or Section 1.C, the Debtor may seek to limit the amount of a secured claim based on a valuation of the collateral for the claim or avoid a security interest or lien through a motion or an adversary proceeding.

**II.   Means Test Result and Plan Duration**:
The Debtor is (check one):
__X__    a below median income debtor with a 36 month applicable commitment period.
_____    an above median income debtor with a 60 month applicable commitment period.

The plan's length shall not be less than the Debtor's applicable commitment period unless the plan either provides for payment in full of allowed unsecured claims over a shorter period or is modified post-confirmation. If the Debtor is below median income, then the plan's length shall automatically be extended up to 60 months after the first payment is due if necessary to complete the plan.

**III.  Plan Payments to the Trustee**:
No later than 30 days after the order for relief, the Debtor shall commence making payments to the Trustee as follows:
    A.    AMOUNT: $5,500 plus sale proceeds as outlined in paragraph X.G below
    B.    FREQUENCY (check one):
    _X_ Monthly
    ___ Twice per month
    ___ Every two weeks
    ___ Weekly
    C.    TAX REFUNDS: The Debtor (check one):
    ___ commits all tax refunds to funding the plan. Committed refunds shall be paid in addition to the plan payment amount stated above.
    _X_ does not commit all tax refunds to funding the plan.
If no selection is made, tax refunds are committed.
    D.    PAYMENTS: Plan payments shall be deducted from the Debtor's wages unless otherwise agreed to by the Trustee or ordered by the Court.
    E.    OTHER:_____

**IV. Distribution of Plan Payments by the Trustee:**

Upon confirmation of the plan, the Trustee shall disburse funds received in the following order and creditors shall apply them accordingly, provided that disbursements for domestic support obligations and federal taxes shall be applied according to applicable non-bankruptcy law:

A. ADMINISTRATIVE EXPENSES:
  1. <u>Trustee</u>: The percentage set pursuant to 28 U.S.C. § 586(e).
  2. <u>Other administrative expenses</u>: As allowed pursuant to 11 U.S.C. §§ 507(a)(2) or 707(b).
  3. <u>The Debtor's Attorney's Fees</u>: Pre-confirmation attorney's fees and/or costs and expenses are estimated to be $4,000.00. $_0.00__ was paid prior to filing.
  Approved attorney compensation shall be paid as follows (check one):
  ____ Prior to all creditors.
  ____ Monthly payments of $_____.
  _X__ All remaining funds available after designated monthly payments to the following creditors: Secured claims provided for in paragraph IV.C. Funds to accumulate from first Plan payment.
  ____Other:_____
  If no selection is made, approved compensation will be paid after the monthly payments specified in Sections IV.B and IV.C.

B. CURRENT DOMESTIC SUPPORT OBLIGATIONS:

| **Creditor** | **Monthly Amount** |
|---|---|
| NONE | $_____ |

C. SECURED CLAIMS: Only creditors holding allowed secured claims specified below or provided in Section X will receive payment from the Trustee. Unless ranked otherwise, payments to secured creditors will be disbursed at the same level. Secured creditors shall retain their liens until the earlier of payment of the underlying debt, determined under non-bankruptcy law, or discharge under 11 U.S.C. § 1328. Secured creditors shall not assess any late charges, provided payments from the plan to the secured creditor are current, subject to the creditor's rights under state law if the case is dismissed.

The interest rates in the plan control except that (a) a lower interest rate included in a creditor's proof of claim shall control; and (b) the interest rate included in a creditor's proof of claim for a claim secured by a mortgage or deed of trust on real property shall control, unless otherwise provided in Section X or ordered following an objection to a proof of claim or in an adversary proceeding. If the interest rate is left blank, the interest rate shall be 12% except that the interest rate for arrearages on claims secured by a mortgage or deed of trust on real property shall be 0%.

For claims secured by personal property, the monthly payment amounts in the plan control.

For claims secured by real property, the monthly payment amounts in the creditor's proof of claim and notice of payment change control unless otherwise provided in Section X.

If overall plan payments are sufficient, the Trustee may increase or decrease post-petition installments for ongoing mortgage payments, homeowner's dues and/or real property tax holding accounts based on changes in interest rates, escrow amounts, dues and/or property taxes.

  1. <u>Payments on Claims, or Non-Escrowed Post-petition Property Tax Holding Accounts, Secured Only by Security Interest in the Debtor's Principal Residence</u> (Interest included in payments at contract rate, if applicable):

Ongoing Payments:

| **Rank** | **Monthly Payment** | **Creditor** | **Collateral** |
|---|---|---|---|
| 1 | $2,187 | BSI Financial Services | 725 Morgan St., Vancouver, WA |

Cure Payments:

| Rank | Monthly Payment | Creditor | Collateral | Arrears to be Cured | Interest Rate |
|---|---|---|---|---|---|
| 4 | $175 * | BSI Financial Services | 725 Morgan St. Vancouver, WA | $100,500 | 0% |

\* Plus all available funds as per paragraph X.A below.

2. <u>Payments on Claims, or Non-Escrowed Post-petition Property Tax Holding Accounts, Secured by Real Property Other than the Debtor's Principal Residence:</u>

Ongoing Payments:

| Rank | Monthly Payment | Creditor | Collateral | Interest Rate |
|---|---|---|---|---|
| 2 | $105 | Clark County | Land parcel on Morgan Rd., Vancouver, WA | n/a |
| 2 | $193 | Clark County | 30919 NE Springhill, Yacolt, WA | n/a |
| 2 | $116 | Clark County | 30919 NE Springhill, Yacolt, WA | n/a |
| 2 | $725 | Multnomah County | 6704 NE 47th Ave., Portland, OR | n/a |

Cure Payments:

| Rank | Monthly Payment | Creditor | Collateral | Arrears to be Cured | Interest Rate |
|---|---|---|---|---|---|
| 3 | $300 * | Clark County | Land parcel on Morgan Rd. Vancouver, WA | $10,784 | 12% |
| 3 | $300 * | Clark County | 30919 NE Springhill, Yacolt, WA | $13,123 | 12% |
| 3 | $300 * | Clark County | Springhill Acreage, Yacolt, WA | $8,253 | 12% |
| 3 | $300 * | Multnomah County | 6704 NE 47th Ave., Portland, OR | $75,056 | 16% |

\* Plus all available funds as per paragraph X.A below.

3. <u>Payments on Claims Secured by Personal Property:</u>

a. 910 Collateral:

The Trustee shall pay the contract balance stated in the allowed proof of claim for a purchase-money security interest in any motor vehicle acquired for the personal use of the Debtor within 910 days preceding the filing date of the petition or in other personal property acquired within one year preceding the filing date of the petition as specified below. The Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee in the amounts stated as the "Pre-Confirmation Adequate Protection Monthly Payment" or, if blank, in the amounts stated as the "Monthly Payment" as specified below after the creditor files a proof of claim.

| Rank | Monthly Payment | Creditor | Collateral | Pre-Confirmation Adequate Protection Monthly Payment | Interest Rate |
|---|---|---|---|---|---|
| ____ | $_____ | NONE | _____ | $_____ | ____% |

b. Non-910 Collateral:

The Trustee shall pay the value of collateral stated in the proof of claim, unless otherwise provided in Section X or ordered following a timely objection to a proof of claim or in an adversary proceeding, for a security interest in personal property which is non-910 collateral. The Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee in the amounts stated as the "Pre-Confirmation Adequate Protection

[Local Bankruptcy Form 13-4, eff. 12/17]     3

Monthly Payment" or, if blank, in the amounts stated as the "Monthly Payment" as specified below after the creditor files a proof of claim.

| Rank | Monthly Payment | Creditor | Debtor's Value of Collateral | Collateral | Pre-Confirmation Adequate Protection Monthly Payment | Interest Rate |
|---|---|---|---|---|---|---|
| ____ | $_____ | NONE | _____ | $_____ | $_____ | ____% |

    D.  PRIORITY CLAIMS: Payment in full, on a pro rata basis, of filed and allowed claims entitled to priority in the order stated in 11 U.S.C. § 507(a).

    E.  NONPRIORITY UNSECURED CLAIMS: No funds shall be paid to nonpriority unsecured creditors until all secured, administrative and priority unsecured creditors are paid in full, provided that no claim shall be paid before it is due. The Trustee shall pay filed and allowed nonpriority unsecured claims as follows (check one):
_X_ 100%
____ At least $_0_.

The Trustee shall pay the following specially classified nonpriority unsecured claims prior to other nonpriority unsecured claims:

| Rank | Creditor | Amount of Claim | Percentage To be Paid | Reason for Special Classification |
|---|---|---|---|---|
| ____ | NONE | $_____ | ____% | _____ |

**V.   Direct Payments to be made by the Debtor and not by the Trustee:**
The following claims shall be paid directly by the Debtor according to the terms of the contract or support or withholding order, and shall receive no payments from the Trustee. (Payment stated shall not bind any party.)

    A.  DIRECT PAYMENT OF DOMESTIC SUPPORT OBLIGATIONS:

| Creditor | Current Monthly Support Obligation | Monthly Arrearage Payment |
|---|---|---|
| NONE _____ | $_____ | $_____ |

    B.  OTHER DIRECT PAYMENTS:

| Creditor | Nature of Debt | Amount of Claim | Monthly Payment |
|---|---|---|---|
| James Tabler | Mortgage (6704 NE 47th) | $54,000 | $540 |

**VI.  Secured Property Surrendered:**
The secured property described below will be surrendered to the following named creditors on confirmation. The Debtor requests that upon confirmation, each creditor (including successors and assigns) to which the Debtor is surrendering property pursuant to this section be granted relief from the stays of 11 U.S.C. §§ 362(a) and 1301(a) to enforce its security interest against the property including taking possession and sale.

| Creditor | Property to be Surrendered |
|---|---|
| NONE | |

**VII. Executory Contracts and Leases:**
The Debtor will assume or reject executory contracts or unexpired leases as specified below. Assumption will be by separate motion and order, and any cure and/or continuing payments will be paid directly by the Debtor under Section V, unless otherwise specified in the plan. Any executory contract or unexpired lease not assumed pursuant to 11 U.S.C. §365(d) is rejected. If rejected, upon confirmation the creditor is granted relief from the stays of 11 U.S.C. §§362(a) and 1301(a) with respect to the property which is the subject of the rejected contract or lease, and any allowed unsecured claim for damages shall be paid under Section IV.E.

| Contract/Lease | Assumed or Rejected |
|---|---|

[Local Bankruptcy Form 13-4, eff. 12/17]       4

NONE

### VIII. Property of the Estate:

Property of the estate is defined in 11 U.S.C. § 1306(a). Unless otherwise ordered by the Court, property of the estate in possession of the Debtor on the petition date shall vest in the Debtor upon confirmation. However, the Debtor shall not lease, sell, encumber, transfer or otherwise dispose of any interest in real property or personal property without the Court's prior approval, except that the Debtor may dispose of unencumbered personal property with a value of $10,000 or less without the Court's approval. Property (including, but not limited to, bonuses, inheritances, tax refunds or any claim) acquired by the Debtor post-petition shall vest in the Trustee and be property of the estate. The Debtor shall promptly notify the Trustee if the Debtor becomes entitled to receive a distribution of money or other property (including, but not limited to, bonuses, inheritances, tax refunds or any claim) with a value in excess of $2,500, unless Section X specifically provides for the Debtor to retain the money or property.

### IX. Liquidation Analysis Pursuant to 11 U.S.C. § 1325(a)(4):

The liquidation value of the estate is $solvent estate - see paragraph X.H . To obtain a discharge, the Debtor must pay the liquidation value or the total of allowed priority and nonpriority unsecured claims, whichever is less. Under 11 U.S.C. §§ 1325(a)(4) and 726(a)(5), interest on allowed unsecured claims under Section IV.D and IV.E shall be paid at the rate of 2% per annum from the petition date (no interest shall be paid if left blank).

### X. Nonstandard Provisions:

All nonstandard provisions of this plan are set forth in this section and separately numbered. Any nonstandard provision placed elsewhere in this plan is void. Any modifications or omissions to the form plan not set forth in this section are void.

A. In addition to equal monthly payments pursuant to ¶IV.C. Clark County (3 claims), Multnomah County, and BSI Financial shall receive all available funds after attorney fees and administrative expenses in order of rank prior to any payment to priority or unsecured creditors.

B. Debtor anticipates plan will run approximately 36 months.

C. The mortgage payment set forth in ¶IV.C.1. shall begin with the trustee's regular disbursement for February, 2020 and shall be applied by BSI Financial as the payment due on March 1, 2020. Mortgage payments due prior to March 1, 2020 shall be added to the pre-petition arrearage and paid as per ¶IV.C.1.

D. The balance of the filing fee, $210, shall be paid from the plan payments prior to all creditors other than the trustee's administrative fees.

E. Any claim filed by a mortgage creditor for post-petition fees shall be paid from available funds only after all attorney fees have been paid in full.

F. Section III.C is modified as follows: Debtor shall pay into the plan each year any tax refund received to the extent the refund exceeds $2,500. Such tax refund payments are in addition to the regular monthly plan payments stated in ¶III.A above.

G. Section VIII is modified as follows: Debtors shall sell or refinance their real property at 6704 NE 47th Ave., Portland, OR by January 31, 2023 and shall pay directly from closing, funds sufficient to pay all creditors secured by the subject property remaining in the plan. Secured creditors are BSI Financial, City of Portland, and Multnomah County. Debtors shall also pay to the chapter 13 trustee for distribution through the Plan, non-exempt proceeds to the extent required by the chapter 13 trustee's payoff quote to pay all allowed claims in full (100%). The debtors shall obtain the chapter 13 trustee's approval prior to any sale or refinance and to obtain that approval, provide copies to the chapter 13 trustee of a preliminary closing statement and title report. If the debtors receive the chapter 13 trustee's approval, the debtors do not need to also obtain a court order authorizing the sale due to the confirmation of this plan. If the chapter 13 trustee denies the debtors' request to sell or refinance, the debtor is not precluded from submitting the request to the court. The debtors shall provide the chapter 13 trustee with a copy of the final closing statement within 15 days following the close of the sale or refinance.

H. Section IX is modified as follows: Due to the equity in Debtors' real property, the liquidation value for plan paragraph IX would be sufficient to pay all claims in full. Debtors shall pay into the plan any non-exempt portion of the tax refunds / proceeds from claims listed on Schedule B upon receipt.

By filing this plan, the attorney for the Debtor(s) or the Debtor(s) if not represented by an attorney certify that the wording and order of the provisions in this plan are identical to those contained in Local Bankruptcy Form 13-4, other than any nonstandard provisions included in Section X.

| | | |
|---|---|---|
| /s/ Todd Trierweiler 27845 | /s/ Joseph Anthohy Gent | 1/20/2020 |
| Attorney for Debtors | DEBTOR | Date |
| 1/20/2020 | /s/ Melody Jean Gent | 1/20/2020 |
| Date | DEBTOR | Date |

Todd Trierweiler WSB 27845
4721 NE 102nd Avenue
Portland, OR 97220
503-253-7777

CERTIFICATE OF SERVICE BY MAIL

I hereby certify that on  January 21, 2020 , I mailed a true and correct copy of  Chapter 13 Plan , certified as such by me, either electronically or in a sealed envelope, with postage prepaid, deposited in the post office in Portland, Oregon addressed to the following:

Joseph A. Gent
Melody Jean Gent
725 SE Morgan Rd.
Vancouver WA 98664

All creditors on the attached mailing matrix


The following parties were served electronically:

**Michael G Malaier, Chapter 13 Trustee**
Tacoma, WA

**US Trustee**
Seattle, WA


DATED:   January 21, 2020


                                                               /s/ Todd Trierweiler
                                                               for
                                                               Todd Trierweiler WSB #27845
                                                               ATTORNEY FOR DEBTOR

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0981-3<br>Case 20-40054-BDL<br>Western District of Washington<br>Tacoma<br>Mon Jan 13 15:50:15 PST 2020 | U.S. Bankruptcy Court<br>1717 Pacific Avenue<br>Suite 2100<br>Tacoma, WA 98402-3233 | Asset Acceptance, LLC<br>c/o Corporation Service Co. RA<br>1127 Broadway St. NE<br>Suite 310<br>Salem OR 97301-1139 |
| BSI Financial Services<br>POB 517<br>Titusville PA 16354-0517 | Bank of America<br>POB 851001<br>Dallas TX 75285-1001 | Cach LLC / Collect America<br>4340 D Monaco St.<br>2nd Flr.<br>Denver CO 80237 |
| Chase Bank<br>POB 94014<br>Palatine IL 60094-4014 | Citibank / Citicards CBNA<br>701 E. 60th St. N.<br>Sioux Falls SD 57104-0493 | (p)CITY OF PORTLAND<br>OFFICE OF CITY ATTORNEY<br>RM 430<br>1221 SW 4TH AVE<br>PORTLAND OR 97204-1991 |
| Clark County District Court<br>No. 142040150<br>1200 Franklin St.<br>Vancouver WA 98660-2812 | Clark County Superior Court<br>No. 122047506<br>1200 Franklin St.<br>Vancouver WA 98660-2812 | Clark County Superior Court<br>No. 14-9-04704-4<br>1200 Franklin St.<br>Vancouver WA 98660-2812 |
| Clark County Superior Court<br>No. 1420404850<br>1200 Franklin St.<br>Vancouver WA 98660-2812 | Clark County Tax Collector<br>POB 9808<br>Vancouver WA 98666-8808 | Clark County Treasurer<br>1300 Franklin St.<br>Second Floor<br>Vancouver WA 98660-2865 |
| Estate of Dorothy Beardshear<br>c/o Nancy Chappell, Executor<br>POB 542<br>Washougal WA 98671-0542 | (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | Fairfield Acceptance<br>10750 W. Charleston<br>Suite 130<br>Las Vegas NV 89135-1049 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | IRS-Insolvency Unit<br>POB 7346<br>Philadelphia PA 19101-7346 | JP Morgan Chase & Co.<br>CT Corporation System, RA<br>505 Union Ave. SE, #120<br>Olympia WA 98501-1474 |
| JP Morgan Chase Bank, NA<br>270 Park Ave.<br>New York NY 10017-7924 | James Tabler<br>8928 NW 8th Way<br>Camas WA 98607 | Justin LeBrun<br>No. 18CV57366<br>c/o 5200 SW Macadam Ave., #500<br>Portland OR 97239-3806 |
| Lotus Law Group<br>No. 18CV57366<br>5200 SW Macadam Ave., #500<br>Portland OR 97239-3806 | Michael Terepka<br>No. 18CV57366<br>c/o 5200 SW Macadam Ave., #500<br>Portland OR 97239-3806 | Michelle R. Ghidotti, Esq<br>as Successor Trustee<br>No. 19-2596<br>Seattle WA 98115-2061 |
| Michelle R. Ghidotti, Esq<br>c/o Gary Krohn, Reg. Agent<br>No. 19-2596<br>9725 3rd Ave. NE, #600<br>Seattle WA 98115-2061 | Midland Credit Management<br>8875 Aero Drive, Suite 200<br>San Diego CA 92123-2255 | Midland Funding LLC<br>8875 Aero Dr., Ste. 200<br>San Diego CA 92123-2255 |

| | | |
|---|---|---|
| Multnomah County Circuit Court<br>No. 18CV57366<br>1021 SW 4th Ave<br>Portland OR 97204-1113 | Multnomah County Property Tax<br>Assessment and Collections<br>PO Box 2716<br>Portland OR 97208-2716 | ODR-Bankruptcy<br>955 Center St., NE, #353<br>Salem OR 97310-0001 |
| Peace Health Medical Group<br>1115 SE 164th Ave., Department<br>Vancouver WA 98683-9324 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Southwest Environmental Agency<br>11815 NE 99th St.<br>Suite 129<br>Vancouver WA 98682-2394 |
| Tracy Reeve, City Attorney<br>City of Portland<br>1221 SW 4th Ave., Suite 430<br>Portland OR 97204-1900 | US Bancorp Center<br>800 Nicollet Mall<br>Minneapolis MN 55402-2511 | ~~United States Trustee~~<br>~~700 Stewart St Ste 5103~~<br>~~Seattle, WA 98101-4438~~ |
| Wyndham Vacation Resorts<br>POB 150<br>Scottsdale AZ 85252-0106 | Joseph Anthony Gent<br>725 SE Morgan Rd.<br>Vancouver, WA 98664-1759 | Melody Jean Gent<br>725 SE Morgan Rd.<br>Vancouver, WA 98664-1759 |
| ~~Michael G. Malaier~~<br>~~2122 Commerce Street~~<br>~~Tacoma, WA 98402-3002~~ | ~~Todd Trierweiler~~<br>~~Todd Trierweiler & Associates~~<br>~~4721 NE 102nd Ave~~<br>~~Portland, OR 97220-3339~~ | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| ~~City of Portland~~<br>~~Office of Management & Finance~~<br>~~License & Tax Division~~<br>~~111 SW Columbia St., Suite 600~~<br>~~Portland OR 97201-5840~~ | ~~(d)City of Portland~~<br>~~Office of Management & Finance~~<br>~~POB 8834~~<br>~~Portland OR 97207~~ | ~~(d)City of Portland~~<br>~~Revenue Bureau - Liens Section~~<br>~~POB 8834~~<br>~~Portland OR 97207~~ |
| ~~(d)City of Portland~~<br>~~c/o Tracy Reeve, City Attorney~~<br>~~1221 SW 4th Ave., Suite 430~~<br>~~Portland OR 97204~~ | ~~FIA Card Services~~<br>~~POB 982238~~<br>~~El Paso TX 79998-2238~~ | ~~IRS~~<br>~~Special Procedures~~<br>~~915 2nd Ave. M\S 244~~<br>~~Seattle WA 98174~~ |
| ~~Portfolio Recovery Assoc.~~<br>~~POB 12914~~<br>~~Norfolk VA 23541~~ | ~~(d)Portfolio Recovery Associates~~<br>~~120 Corporate Blvd., #100~~<br>~~Norfolk VA 23502~~ | ~~(d)Portfolio Recovery Associates,~~<br>~~120 Corporate Blvd., #100~~<br>~~Norfolk VA 23502~~ |

End of Label Matrix
Mailable recipients    43
Bypassed recipients     0
Total                  43